**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| James A. Woods, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO QUASH** |
| | ) | **PLAINTIFF'S NOTICE OF DEPOSITION AND** |
| vs. | ) | **MOTION FOR PROTECTIVE ORDER;** |
| | ) | **ORDER STAYING DISCOVERY** |
| Gene Zimmerman, Zimmerman's | ) | |
| Furniture, et. al. | ) | Case No. 1:08-cv-031 |
| | ) | |
| Defendants. | ) | |

_____

On April 28, 2008, the plaintiff, James A. Woods ("Woods"), filed a Notice of Deposition of Defendant stating:

> PLEASE TAKE NOTICE that on May 5, 2008 at the hour of 1:30 p.m., the plaintiff in the above-captioned case will take deposition of Defendant Gene Zimmerman at Bismarck Veterans Library Conference Room located at 515 N. 5th Street, Bismarck, ND; Telephone (701) 222-6410, to continue until completed before a certified shorthand reporter and video recording upon oral examination pursuant to North Dakota Rules of Civil Procedure.

(Docket No. 11).

On May 1, 2008, the Defendants filed a Motions to Quash Plaintiff's Notice of Deposition of Defendant and Motion for Protective Order. They maintain that Woods scheduled the deposition without regard to the Defendants availability and has since spurned their requests to reschedule the deposition to a mutually agreeable date and time. They seek an order quashing Wood's Notice of Deposition of Defendant as well as an order preventing Woods from compelling their attendance on May 5, 2008, on the grounds that Woods' demand is oppressive and unduly burdensome.

The court is inclined to grant the Defendants' motions for two reasons. First, Woods' efforts to depose Defendant Zimmerman are premature given the posture of this case. Rule 26(d)(1) of the Federal Rules of Civil Procedure provides that the parties may not seek discovery until they have conferred as required by Rule 26(f) for the purpose of developing a plan for discovery. In this case, the court will not require a Rule 26(f) conference given the fact that Woods is proceeding *pro se*. Rather, the court has scheduled a scheduling/discovery conference for this case for May 16, 2008. At this conference, the court will work with the parties to develop a litigation schedule that will include a schedule for discovery. Until the court establishes the schedule for discovery, the court believes that any discovery in this case is premature.

Second, in terms of scheduling depositions, the court will require the parties to cooperate in terms of setting dates for depositions. This Woods has not done probably because of his lack of familiarity with the appropriate protocols. This is another reason for not permitting discovery until the court has had an opportunity to have an initial conference with the parties to discuss these and other matters.

The Defendants' Motion to Quash Plaintiff's Notice of Deposition of Defendant and Motion for Protective Order (Docket No. 14) are **GRANTED**. Defendants need not attend to the deposition noticed by Woods for May 5, 2008, at the Bismarck Public Library. Further, all discovery in this case is **STAYED** until the court issues its scheduling/discovery order.

**IT IS SO ORDERED.**

Dated this 2nd day of May, 2008.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court
